SOHAIB BIN LATEEF,                          )
                                            )
            Petitioner,                     )
                                            )
     vs.                                    )          Case No. 4:04-CV-995 (JCH)
                                            )
MICHAEL J. JAROMIN, et al.,                 )
                                            )
            Respondent.                     )

## MEMORANDUM AND ORDER

The matter is before the Court on Respondent's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 17), filed October 13, 2005. Petitioner filed his response on October 19, 2005.

## BACKGROUND

Petitioner Sohaib Bin Lateef, a Pakistani national, is a permanent resident who has resided in the United States for over twenty-four years. (Pet., Doc. No. 1 at ¶ 4). On January 14, 2004, Petitioner was charged by indictment with one count of Falsely Obtaining a Social Security Number, in violation of 42 U.S.C. § 408(a), and one count of Making False Statements Relating to Naturalization, in violation of 18 U.S.C. § 1015(a). (4:04-cr-21 (HEA) ("04-21"), Indictment, Doc. No. 16). Petitioner pled guilty to both counts on March 17, 2004. (04-21, Plea Agreement, Doc. No. 33). Two months later, he was sentenced to time served, two years of supervised release, and a fine of $10,000. (04-21, Judgment, Doc. No. 37).

Shortly thereafter, the Bureau of Citizenship and Immigration Services ("Bureau") began removal proceedings against Petitioner and took him into custody. (Pet. at ¶ 1(a)). The Bureau denied him bond because it believed his crimes involved moral turpitude. (Id. at ¶ 11). The Immigration

-1-

Court then determined that his crimes did not involve moral turpitude, and granted him $10,000 bond. (Id. at ¶ 12). The Bureau appealed this ruling to the Board of Immigration Appeals, meaning Petitioner had to remain in custody while the appeal was pending. (Id. at ¶ 13). As of August 2004, the Bureau had held Petitioner in custody for seven months. (Id. at ¶ 16).

On August 4, 2004, Petitioner filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Temporary Restraining Order ("TRO") with the Court. (Doc. No. 1). The Petition alleges that the Bureau is unlawfully detaining him, in violation of his Fifth, Eighth, and Fourteenth Amendment rights. (Id. at pp. 2-3). The majority of his Petition, however, focuses on how he is in "imminent danger of being deported" because the Bureau determined that his convictions involved moral turpitude. (Id. at pp. 2, 5-15). In his prayer for relief, Petitioner asks the Court to order the Bureau to allow him to post bond and to enjoin the Bureau from deporting him. (Id. at p. 15).

On August 4, 2004, District Judge Stephen N. Limbaugh Sr. granted the TRO and ordered Petitioner's release from custody on bond. (Doc. No. 2). On March 9, 2005, Judge Limbaugh stayed the case pending the resolution of the administrative process. (Doc. No. 9). While the case was stayed, the Government filed a motion to dismiss asserting that no subject matter jurisdiction existed. (Doc. No. 17).

While the case was stayed, the parties periodically updated the Court about the progress of the removal proceedings. First, the Board of Immigration Appeals denied as moot the Bureau's appeal of the Immigration Court's bond decision. (Pet'r's Posture of the Case, Doc. No. 13 at ¶ 1). In October 2006, the Immigration Court dismissed the removal proceedings after learning that Petitioner had removal proceedings, which were administratively closed, brought against him in 1987. (Pet'r's Lastest Posture of the Case, Doc. No. 19 at ¶¶ 1-3). The Immigration Court then reopened the 1987 proceedings, which restarted the administrative process. (Id.). According to the last status

update, filed in December 2006, a hearing on the 1987 proceedings was supposed to occur in January 2007. (Pet'r's Resp. to Resp't's Status Report, Doc. No. 21 at ¶ 15).

On July 31, 2008 Judge Limbaugh retired, and the case was reassigned. (Doc. No. 22). Thereafter, the Court lifted the stay on August 4, 2008, and held a telephone conference on August 7, 2008. (Doc. No. 23). During this conference, the parties merely informed the Court that the administrative process was "still pending." The Court notified the parties that it would be ruling on Respondent's Motion to Dismiss.

## MOTION TO DISMISS STANDARDS

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a claim if it lacks subject matter jurisdiction over it; however, dismissal for lack of subject matter jurisdiction will not be granted lightly. Wheeler v. St. Louis Southwestern Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996). Dismissal is proper when a facial attack on the Plaintiff's Complaint's alleged basis for subject matter jurisdiction shows there is no basis for jurisdiction. Id.

The standards applied to a Rule 12(b)(1) motion to dismiss are the same as those that apply to a Rule 12(b)(6) motion to dismiss. Vankempen v. McDonnell Douglas Corp., 923 F. Supp. 146, 147 (E.D. Mo. 1996) (citing Satz v. ITT Fin. Corp., 619 F.2d 738, 742 (8th Cir. 1980). In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court must accept "the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. ---, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46

(1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965.

## **DISCUSSION**

Respondent asserts that the Court does not have jurisdiction over this case because the Real ID Act of 2005 ("Act") divested the Court of jurisdiction, the Board of Immigration Appeals denial of the Bureau's appeal mooted the case, and Petitioner has not exhausted his administrative remedies. Petitioner responds that there is a live controversy because the Act only pertains to orders of removal, he is only "temporarily" out on bond, and exhaustion is futile.

The Real ID Act of 2005 drastically curtailed the ability of an alien to challenge his removal proceedings in a district court. Specifically, the Act divested the district court of jurisdiction, including habeas jurisdiction under 28 U.S.C. § 2241, to review "any final order of removal against an alien who is removable by reason of having committed a criminal offense . . . ." 8 U.S.C. § 1252(a)(2)(C). The Act, however, did not bar an alien from filing a habeas action. Instead, it stated that nothing in § 1252(a)(2)(C) shall be construed as "precluding review of constitutional claims or questions of law raised upon a petition filed with the appropriate court of appeals in accordance with this section." Id. at § 1252(a)(2)(D). To prevent any ambiguity, the Act explicitly stated that "an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review [1] of an order of removal . . . ." Id. at § 1252(a)(5).

The circuit courts agree that the Act only strips a district court of jurisdiction when the alien is challenging an order of removal. Nnadika v. Attorney Gen., 484 F.3d 626, 632 (3d Cir. 2007); Kellici v. Gonzales, 472 F.3d 416, 419-20 (6th Cir. 2006); Madu v. Attorney Gen., 470 F.3d 1362,

---

[1]The Act defines the phrase "judicial review" to include review of a petition for habeas corpus under 28 U.S.C. § 2241. 8 U.S.C. § 1252(a)(5).

1365-67 (11th Cir. 2006); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006); Gittens v. Menifee, 428 F.3d 382, 383 (2d Cir. 2005); Hernandez v. Gonzalez, 424 F.3d 42, 43 (1st Cir. 2005). The legislative history, which states that the Act was not intended to "preclude habeas review over challenges to detention that are independent of challenges to removal orders," supports this conclusion. H.R. Cong. Rep. No. 109-72, at 175 (May 3, 2005), reprinted in 2005 U.S.C.C.A.N. 240, 300. The Eighth Circuit, however, has held that a district court does not have jurisdiction when a habeas petition is, in effect, an attack on the removal proceedings. See Haider v. Gonzales, 438 F.3d 902, 910 (8th Cir. 2006) (holding that constitutional challenge to the notice provided was, in effect, a challenge to the order of removal); see also Codina v. Chertoff, No. 07-2422, 2008 WL 2831993, at * 1 (8th Cir. July 24, 2008) (holding district court had no jurisdiction where petitioner's challenge to her detention, based on alleged procedural and clerical flaws in her removal proceedings, was essentially a challenge to her removal).

Upon consideration, the Court does not have jurisdiction over the Petition because it is, in essence, a challenge to Petitioner's removal proceedings. A cursory review of the Petition supports this conclusion. Instead of focusing on why Petitioner's detention amounts to a deprivation of his constitutional rights, the Petition focuses on whether the grounds for his removal have merit. (Pet. at pp. 5-15). Additionally, it asks the Court to enjoin his deportation. (Id. at p. 15). Tellingly, the Petition offers no explanation, aside from a speculative allegation that the Bureau will detain him indefinitely, why Petitioner's detention violates the Constitution. (Id. at ¶ 13). As such, the Petition is nothing more than a challenge to his removal proceedings, meaning that this Court lacks jurisdiction.

## II.       Mootness

Even assuming the Act did not strip the Court of jurisdiction, the Court must still determine whether the Petition is moot. Federal courts are courts of limited jurisdiction and can only hear actual "cases or controversies" as defined under Article III of the Constitution. Hickman v. Missouri, 144 F.3d 1141, 1142 (8th Cir. 1998). This requirement applies at all stages of litigation, and a case is moot when it no longer presents an "actual, ongoing case or controversy." Neighborhood Transp. Network, Inc. v. Pena, 42 F.3d 1169, 1172 (8th Cir. 1994). Finding that a case is moot prevents the Court from exercising jurisdiction over it. Id.

Additionally, a Court can dismiss a case due to prudential mootness. This form of mootness is a "melange of doctrines relating to the court's discretion in matters of remedy and judicial administration." See Ali v. Cangemi, 419 F.3d 722, 724 (8th Cir. 2005). Even if a court has jurisdiction under Article III, prudential concerns, such as the existence of "myriad uncertainties" about the controversy , may "militate against the use of judicial power, i.e., the court should treat the case as moot for prudential reasons." Id. The Eighth Circuit has adopted this doctrine. See Voyageurs Nat'l Park Ass'n v. Norton, 381 F.3d 759, 765 (8th Cir. 2004). Courts have applied it to cases where a petitioner has been held in extended detention, but who is subsequently released while the litigation challenging the detention is pending. See Ali, 419 F.3d at 724; Riley v. INS, 310 F.3d 1253, 1256-57 (10th Cir. 2002).

Upon consideration, the Court cannot exercise jurisdiction because there is no live case or controversy. As previously noted, the Immigration Board of Appeals denied the Bureau's appeal of the Immigration Court's ruling regarding Petitioner's bond. In fact, the removal proceedings discussed in the Petition have been dismissed. Presently, Petitioner is free on bail, and the Government's actions over the past two years do not indicate that his return to custody is a high priority. As such, the entire controversy discussed in the Petition is no longer ongoing.

Similarly, the prudential mootness doctrine militates against the Court's exercise of jurisdiction. Presently, the removal proceedings discussed in the Petition have been dismissed, and the 1987 proceedings have been reopened. That fact alone would warrant a decline of jurisdiction because the Court should not exercise jurisdiction over a controversy not alleged by the Petitioner. See Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005) (noting that plaintiff is "master of the claim," which sets the boundaries of the controversy before the Court). Applying the prudential mootness doctrine is even more appropriate if the Petition somehow includes the 1987 proceedings. All that the Court and the parties know about these proceedings is that they are " still pending." Attempting to exercise jurisdiction over an unexhausted administrative proceeding is, at the very least, imprudent. In sum, the Court finds that it has no jurisdiction over the Petition.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**. A separate order of dismissal will accompany this Memorandum and Order.

Dated this 8th day of August, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE